IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHIL BUNDY,

        Plaintiff,

v.                                                    No. 02-CV-1460 JC/ACT

BERNALILLO PUBLIC SCHOOLS
BOARD OF EDUCATION, a New Mexico
public school district, DR. GARY DWYER,
Superintendent of the Bernalillo Public Schools
both in his individual and official capacities, and
CLARENCE GRIEGO, Athletic Director for
Bernalillo Public Schools, both in his individual and
official capacities,

        Defendants.

### PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT
### OF MOTION TO AWARD ATTORNEYS' FEES AND EXPENSES

      Plaintiff, Phil Bundy, moves this Court to award attorneys' fees to Madison, Harbour,

Mroz & Brennan, P.A., in the amount of $29,450.00 and litigation costs and expenses in the

amount of $5,641.10. Plaintiff is entitled to an award of attorneys' fees and expenses under 42

U.S.C. § 1988, and the agreement reached at mediation in this matter before the Honorable

Robert Hayes Scott, which is incorporated herein by reference.

### BACKGROUND

      This case arises from the retaliatory discharge of Phil Bundy as the girls' softball coach at

Bernalillo High School. This discharge was in retaliation for Mr. Bundy's complaints about the

School District's violation of Title IX. Mr. Bundy was fired as the girls' softball coach at the

end of the Spring season of 2001, despite his team having won the first district softball

championship at Bernalillo High School in the history of the school in that season. Prior to his



termination, Mr. Bundy had never received any type of negative counseling or negative evaluation from the Athletic Director in the three years as the head coach. After Mr. Bundy filed grievances and complaints with both the Bernalillo Public School Board and the United States Department of Education, Office for Civil Rights, he suffered further retaliation by various tortious acts of the Defendants interfering with his attempts to obtain other coaching positions. Mr. Bundy further suffered a violation of his rights to free speech under both the First Amendment to the United States Constitution and the analogous portion of the New Mexico Constitution, in addition to violations of both his substantive and procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and the analogous provisions of the New Mexico Constitution.

Pursuant to the settlement agreement reached on October 20,2003. defendants have stipulated that plaintiff is a prevailing party in this action and therefore is entitled to reasonable attorneys fees and costs and expenses and applicable gross receipts tax, to date. Defendants reserved the right to contest the reasonableness and necessity of certain fees or expenses or plaintiff's counsel's requested hourly rate.

The fees and expenses in dispute were reasonably and necessarily incurred by plaintiff's counsel and are compensable pursuant to 42 USC section 1988.

Defendants do no concur in this motion and accordingly, pursuant to the local rules of this court plaintiff's memorandum brief in support of this motion is filed herein.

Also file in support of this motion , and attached as exhibits are the following:

1. Affidavit of plaintiff's counsel, the undersigned;

2. Affidavit of Linda Vanzi, Esq.

3. Documentation of plaintiff's counsel's time and costs and/or expenses and

2

applicable gross receipts tax.

## LAW AND AVAILABILITY OF ATTORNEY'S FEES AND EXPENSES

After undertaking the majority of the pre-trial discovery necessary for trial of this case

and defending against a Motion to Dismiss this claim, this matter was resolved in mediation

before the Honorable Robert H. Scott. As part of the agreement reached at that mediation and in

a subsequent document executed by the parties, Defendants have promised to pay reasonable and

necessary attorneys' fees and associated litigation costs and expenses, but reserved the right to

litigate the reasonableness on amount of such fees or costs and expenses of litigation. Prevailing

plaintiffs on Section 1983 claims are entitled to fees and related expense under 42 U.S.C. § 1988,

the general statute for recovery of civil rights related fees and expenses. In particular, the statute

provides:

> (b)    In any action or proceeding to enforce a provision of sections
> 1981, 1982, 1983 ... the court, in its discretion, may allow the
> prevailing party, other than the United States, a reasonable
> attorneys' fee as part of the costs."

Plaintiffs demonstrate their entitlement to fees and expenses in that (1) they are the

prevailing parties, and (2) the fee requests are reasonable. Hensley v. Eckerhart, 461 U.S. 424,

433 (1983).

In this case, no money was paid to Mr. Bundy in settlement, but as noted above,

Defendants stipulated as part of the mediation agreement that he was a prevailing party entitled

to an award of fees and costs. Tenth Circuit and U.S. Supreme Court case law allow for the full

recovery of reasonable attorneys' fees no matter how much or how little monetary damages the

Plaintiffs receive. This case law also expressly rejects the argument that fees should be

proportionate in any way to monetary recovery. City of Riverside v. Rivera, 477 U.S. 127

(1989); Cooper v. Singer, 719 F.2d 1496 (10th Cir. 1983); Robinson v. City of Edmond, 160 F.3d 1275 (10th Cir. 1988); Derr v. Gulf Oil Corp., 769 F.2d 340, 344 (10th Cir. 1986); Nephew v. City of Aurora, 766 F.2d 1464, 1466 (10th Cir. 1985).

A.     The Amount of the Fee Award is Based Upon the "Lodestar" Formula

The Tenth Circuit has detailed the considerations in determining the amount of attorneys' fees in civil rights cases.  *See* Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983).  Fees under Section 1988 are calculated under the "lodestar" formula: The reasonable number of hours expended times a reasonably hourly rate.  Hensley, 461 U.S. at 433; Blum v. Stenson, 465 U.S. 886, 888 (1984); Jane L., 61 F.3d at 1509; Ramos, 713 F.2d at 552.

1.     Counsel Requests Compensation for a Reasonable Amount of Time

The Tenth Circuit and New Mexico case of Cooper v. Singer, 719 F.2d 1496 (10th Cir. 983), explains the purpose of the recovery of attorneys' fees under Section 1988.  This purpose must be kept in mind when assessing the amount of time reasonably expended on a case.  Id.

Section 1988 was enacted to allow privately wronged citizens to act as "private attorneys general" to enforce the nation's civil rights laws.  Id. At 1498.  Congress recognized that:

> In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer.  If private citizens are to be able to assert their civil rights, and if those who violate the nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recovery what it costs them to vindicate these rights in court.

Id., citing S.Rep.No: 1011, 94th Cong., 2d Sess. 2, reprinted in 1976 U.S. Code Cong. & Admin. News 5908, 5910.  Plaintiffs thus must be able to recover a fee that compensates attorneys in a matter as fee-paying clients and in a manner which will entice attorneys to take such cases, given the risk of non-payment.  Id.  *See* generally, Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983);

Gurule v. Wilson, 635 F.2d 782, 793 (10th Cir. 1980) ("award that does not fully compensate attorney for time does not meet the stand of reasonable fees required by Section 1988"); *see also* Malloy v. Manahan, 73 F.3d 1012, 1018-1019 (10th Cir. 1996), noting the fundamental differences and risks between plaintiff and defense representation in civil rights cases.

Attached as Exhibit "A" are the time records of Plaintiff's counsel. The time records of Timothy L. White were contemporaneously recorded. Counsel has made every effort to edit his bills to exclude excess time, duplicative time and clerical time. He believes he has honed his bills down to time reasonably expended on the case and, in most cases, to time that is less than what would be charged a corporate, fee-paying client. Accordingly, Plaintiff submits his edited bills as evidence of the reasonable time expended on this case. Given that counsel has already exercised considerable "billing judgment" here, counsel asks the Court to consider all of the time submitted herein in awarding a reasonable attorneys' fee pursuant to 42 U.S.C. § 1988. Efforts to settle on attorneys' fees were unsuccessfully made, both at the mediation and in a subsequent written offer. Defendants refused thse offers. When defendants ignore reasonable offers to settle this issue, they should not be rewarded by Court reductions in plaintiff's request for fees. To do so would only encourage defendants to prolong such litigation and may well discourage claimants from pursuing vindication of their rights – it certainly discourages attorneys.

2.    Counsel Requests Compensation at a Reasonable Hourly Rate

The rate requested by Plaintiff's counsel is reasonable and represents modest attorney's fees. The rate requested in this case is set forth in the accompanying affidavit of counsel, Timothy L. White ($250.00). The rate is substantiated by the affidavit of New Mexico counsel, Linda Vanzi, who works within the field of civil rights litigation, and specifically has prior experience litigating Title IX retaliation issues. See Exhibit "C" attached. Affidavit of Linda

Vanzi.

The affidavits show that the reasonable hourly rate for litigation attorneys of average experience in New Mexico ranges from $150 - $250 an hour. Plaintiff's counsel seeks an hourly rate within this range.

3.  Counsel Requests Reimbursement of Reasonable Out-of-Pocket Expenses

Section 1988 also permits reimbursement for reasonable expenses incurred in the course of litigation. "Items that are normally itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount." Bee v. Greaves, 910 F.2d 686. 690 (10th Cir. 1990), citing Ramos v. Lamm, 713 F.2d 546, 599 (10th Cir. 1983). Plaintiff sets forth the expenses incurred in the Affidavit of Timothy L. White, Exhibit "B", and the attached receipts.

Counsel reasonably advanced the expenses set forth in the affidavit and attached exhibits. Copy costs, long distance telephone charges, and long distance facsimile charges are all customarily charged by attorneys to client. In this case, counsel charged all long distanced charges at actual cost and charged copies at fifteen cents ($.15) per page.

All expenses set forth in the affidavit and summary were reasonably and necessarily incurred in the prosecution of this case and in obtaining the mediated resolution of this lawsuit.

4.  Counsel Seeks Reimbursement of Gross Receipts Tax

In addition to fees and expenses, counsel is entitled to recover payment of New Mexico's gross receipts tax on the award, to the extent such tax is applied. This tax is compensable as part of fees. Ramah Navajo Chapter v. Babbitt, 50 Fu. Supp. 2d 1091, 1109 (D.N.M. 1999); O'Neal v. Ferguson Construction Company, 35 F. Supp. 832 (D.N.M. 1999).

6

## LODESTAR CALCULATION

Applying the "lodestar" formula and legal standards set forth above, counsel requests the fees set forth in his affidavit. In particular:

1.      Counsel Timothy L. White of Madison, Harbour, Mroz & Brennan, P.A., seeks fees for 117.8 hours of regular work time at $250 an hour. The lodestar calculation is $29,450.00. Counsel also seeks reimbursement of $5,641.10 in expenses incurred as set forth in his affidavit and accompanying receipts.

### a.  CONCLUSION

**WHEREFORE,** based on the foregoing Memorandum, the affidavit of counsel, the affidavit of another practicing attorney, the Summary of Costs, and the attached exhibits, counsel for Plaintiff seeks fees and expenses as set forth above.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.

By: _____
    Timothy L. White
    P.O. Box 25467
    Albuquerque, New Mexico 87125-5467
    Telephone:  (505) 242-2177
    Facsimile:  (505) 242-7184

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2004, a true and correct copy of the foregoing Plaintiff's Motion and Memorandum in Support of Motion to Award Attorneys' Fees and Expenses was mailed via first-class mail, postage prepaid and properly addressed to:

Andrew M. Sanchez, Esq.
Cuddy, Kennedy, Albetta & Ives LP
P.O. Box 4160
Santa Fe, New Mexico 87502-4160

7

Timothy L. White

N:\02524\02001\PLG\TLW MemoinSupport-MTAAFAE

MADISON, HARBOUR, MROZ & BRENNAN, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS & COUNSELORS AT LAW

P.O. BOX 2547
ALBUQUERQUE, NM 87125-5167

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

# DRAFT BILL

Page: 1
05/11/2004

Phil Bundy
11709 Palo Duro NE
Albuquerque  NM  87111

Account No: 2524-02001M
Statement No:            12

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]

Interim Statement

Previous Balance                                    $5,516.76


                                                    Hours
08/07/2002
    TLW     Review documentation from P. Bundy
            regarding Title IX complaints and
            termination as coach                      1.20

08/12/2002
    TLW     Continue review of documentation from Mr.
            Bundy on prior grievances filed
            administratively with Bernalillo High
            School and OCR                            1.00

08/14/2002
    TLW     Interview with Mr. Bundy regarding
            background of claim                       1.50

09/19/2002
    TLW     Telephone call with P. Bundy regarding
            right to sue letter and suit deadline     0.20

11/18/2002
    TLW     Review OCR file; conference with P. Bundy
            to review same and discuss filing suit    3.10


Federal Tax Identification No. 85-0396506
Payments Received after the End of the Month Will Be
Reflected on Your next Statement.


EXHIBIT
A

Phil Bundy

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]

|            |     |                                                                                                                          | Hours |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------|-------|
| 11/19/2002 | TLW | Telephone call from P. Bundy authorizing/requesting that suit be filed; prepare complaint                                 | 2.00  |
| 12/05/2002 | TLW | Telephone call with P. Bundy regarding service of complaint on Bernalillo County School District                         | 0.20  |
| 12/17/2002 | TLW | Telephone call to Cuddy Law Firm, Andrew Sanchez regarding representation and possible acceptance of service for defendants | 0.20  |
| 01/03/2003 | TLW | Telephone call with A. Sanchez regarding representation of defendants and service                                         | 0.10  |
| 01/20/2003 | TLW | Prepare waiver of service for all three defendants                                                                        | 0.50  |
| 02/26/2003 | TLW | Telephone call with P. Bundy regarding evaluators other than defendants                                                   | 0.10  |
| 03/25/2003 | TLW | Review answer                                                                                                             | 0.30  |
| 04/21/2003 | TLW | Telephone call with A. Sanchez regarding provisional discovery plan                                                       | 0.20  |

```
                                                    Page: 3
Phil Bundy                                     05/11/2004
                              Account No:  2524-02001M
                              Statement No:        12

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]
```

|            |     |                                                                                  | Hours |
|------------|-----|----------------------------------------------------------------------------------|-------|
| 05/14/2003 | TLW | Prepare Rule 26 disclosures; attend Rule 26 scheduling conference; receipt and review of motion to dismiss | 1.60  |
| 05/15/2003 | TLW | Review motion to dismiss                                                          | 1.10  |
| 05/29/2003 | TLW | Prepare response to motion to dismiss                                             | 1.70  |
| 05/30/2003 | TLW | Continue preparing response to motion to dismiss                                  | 3.40  |
| 06/02/2003 | TLW | Continue preparing response to motion to dismiss                                  | 6.50  |
| 06/03/2003 | TLW | Continue research on other issues in response to motion to dismiss                | 3.00  |
| 06/06/2003 | TLW | Continue preparing response to motion to dismiss                                  | 4.00  |
| 07/16/2003 | TLW | Telephone call with P. Bundy regarding scheduling deposition                      | 0.20  |
|            | TLW | Prepare letter to A. Sanchez regarding same and requesting deposition dates of defendants | 0.10  |

```
                                                          Page:  4
     Phil Bundy                                          05/11/2004
                                           Account No:  2524-02001M
                                           Statement No:        12
     Bundy v. Bernalillo Public Schools District
     [CONTINGENCY CASE]
```

|            |     |                                                                  | Hours |
|------------|-----|------------------------------------------------------------------|-------|
| 07/25/2003 | TLW | Review file to identify issues for discovery                     | 2.20  |
| 07/29/2003 | TLW | Conference with P. Bundy regarding preparing answers and responses to written discovery | 1.80 |
| 07/31/2003 | TLW | Prepare answers and responses to written discovery               | 1.60  |
| 08/21/2003 | TLW | Review file to identify discovery issues to propound to defendants | 3.80 |
| 08/27/2003 | TLW | Prepare answers to interrogatories and responses to request for production | 1.00 |
| 09/02/2003 | TLW | Receipt and review of letter from A. Sanchez regarding objections to discovery | 0.20 |
| 09/09/2003 | TLW | Telephone call from A. Sanchez regarding deposition scheduling and other discovery | 0.20 |
| 09/16/2003 | TLW | Review defendant's Rule 26 disclosures                           | 2.20  |
| 09/22/2003 | TLW | Prepare for L. Tafoya deposition; take L. Tafoya deposition      | 4.90  |

Phil Bundy

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]


|  |  | Hours |
|---|---|---|
| 09/23/2003 | | |
| TLW | Review/analyze possible witness list for scheduling depositions | 0.30 |
| 09/25/2003 | | |
| TLW | Review disclosures from Bernalillo School District to prepare for J. Coughlin, V. Taylor, C. Camargo and G. Mondragon depositions | 1.90 |
| 09/26/2003 | | |
| TLW | Attend C. Camargo, J. Couglin, G. Mondragon and V. Taylor depositions | 7.50 |
| 09/29/2003 | | |
| TLW | Review defendant's disclosures to prepare P. Bundy for deposition | 1.20 |
| 09/30/2003 | | |
| TLW | Conference with P. Bundy to prepare for deposition; defend P. Bundy deposition | 8.50 |
| 10/02/2003 | | |
| TLW | Prepare for G. Dwyer deposition; take G. Dwyer deposition | 6.10 |
| 10/03/2003 | | |
| TLW | Prepare response to motion to compel reviewing documents for supplemental production; prepare for C. Griego deposition | 6.10 |
| 10/06/2003 | | |
| TLW | Prepare for C. Griego deposition; take C. | |

Phil Bundy

Page: 6
05/11/2004
Account No:  2524-02001M
Statement No:        12

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]

|  |  |  | Hours |
|---|---|---|---|
|  | Griego deposition; conference with P. Bundy regarding V. LaValley and P. Chavez depositions; prepare for V. LaValley and P. Chavez depositions |  | 9.70 |
| 10/07/2003 | TLW | Attend V. LaValley deposition; attend P. Chavez deposition; prepare for T. Darnell and F. Trujillo deposition | 4.60 |
| 10/08/2003 | TLW | Prepare for T. Darnell deposition; take T. Darnell deposition; prepare for F. Trujillo deposition; take F. Trujillo deposition | 6.90 |
| 10/09/2003 | TLW | Prepare for J. Torres deposition; take J. Torres deposition | 2.40 |
| 10/14/2003 | TLW | Prepare motion to extend discovery deadlines; receipt and review of revised order from A. Sanchez extending additional deadlines; telephone call to A. Sanchez approving same; prepare confidential settlement memorandum to Judge Scott | 1.20 |
| 10/20/2003 | TLW | Prepare for settlement conference; conference with P. Bundy to prepare for same; attend settlement conference | 4.60 |
| 10/21/2003 | TLW | Prepare motion for attorneys' fees | 0.50 |

Page: 7
05/11/2004

Phil Bundy

Account No:   2524-02001M
Statement No:          12

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]

|  |  |  | Hours |
|---|---|---|---|
| 10/30/2003 | | | |
| | TLW | Receipt and review of proposed settlement agreement | 0.20 |
| 11/18/2003 | | | |
| | TLW | Review draft settlement agreement with proposed questions/revisions by client | 0.60 |
| 11/25/2003 | | | |
| | TLW | Prepare e-mail to A. Sanchez offering to settle attorney's fees and costs | 0.20 |
| 12/23/2003 | | | |
| | TLW | Continue preparing memorandum in support of motion for attorneys' fees | 1.90 |
| 01/02/2004 | | | |
| | TLW | Continue preparing motion and affidavit for attorney's fees and expenses | 2.10 |
| 01/07/2004 | | | |
| | TLW | Continue preparing motion and memorandum for attorney's fees | 0.60 |
| 01/08/2004 | | | |
| | TLW | Continue preparing attorney affidavits in support of motion for attorney's fees | 0.60 |
| | | For Current Services Rendered | 117.80 | 0.00 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Timothy L. White | 117.80 | $0.00 | $0.00 |

```
                                                           Page: 8
     Phil Bundy                                         05/11/2004
                                      Account No:   2524-02001M
                                      Statement No:           12

     Bundy v. Bernalillo Public Schools District
     [CONTINGENCY CASE]
```

| | | |
|---|---|---|
| 03/31/2004 | Photocopies | 0.60 |
| | Total Expenses | 0.60 |
| | Sales Tax on Expenses | 0.03 |
| | Total Current Work | 0.63 |
| | Balance Due | $5,517.39 |

MADISON, HARBOUR, MROZ & BRENNAN, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS & COUNSELORS AT LAW

P.O. BOX 25467
ALBUQUERQUE, NM 87125-5467

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

Page: 1
Phil Bundy                                          12/03/2002
11709 Palo Duro NE               Account No:  2524-02001M
Albuquerque  NM  87111           Statement No:         1

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]

| Date | Description | Amount |
|---|---|---|
| 10/02/2002 | Copy of EEOC's file on plaintiff, Phil Bundy - Treasurer of the United States | 42.30 |
| 10/31/2002 | Photocopies | 0.45 |
| 11/01/2002 | Copy of Department of Education's file on plaintiff, Phil Bundy - U.S. Department of Education | 39.10 |
| 11/30/2002 | Photocopies | 3.75 |
| | Total Expenses | 85.60 |
| | Sales Tax on Expenses | 4.98 |
| 11/19/2002 | Filing fee for Complaint - U.S. District Court | 150.00 |
| | Total Advances | 150.00 |
| | Total Current Work | 240.58 |
| | Balance Due | $240.58 |

Federal Tax Identification No. 85-0396506
Payments Received after the End of the Month Will Be
Reflected on Your next Statement.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS & COUNSELORS AT LAW

P.O. BOX 25467
ALBUQUERQUE, NM 87125-5467

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

Page: 1

Phil Bundy                                                  01/06/2003
11709 Palo Duro NE                    Account No:  2524-02001M
Albuquerque, NM  87111                Statement No:           2

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]


            Previous Balance.                                    $240.58


12/31/2002  Postage                                              40.00
12/31/2002  Photocopies                                           0.90
            Total Expenses                                       40.90
            Sales Tax on Expenses                                 2.38

            Total Current Work                                   43.28


            Balance Due                                         $283.86


Federal Tax Identification No. 85-0396506
Payments Received after the End of the Month Will Be
Reflected on Your next Statement.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS & COUNSELORS AT LAW

P.O. BOX 25467
ALBUQUERQUE, NM 87125-5467

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

Page: 1
Phil Bundy                                                    02/05/2003
11709 Palo Duro NE                        Account No:   2524-02001M
Albuquerque  NM  87111                    Statement No:              3

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]


            Previous Balance                                 $283.86


01/31/2003  Postage                                             1.98
01/31/2003  Photocopies                                         7.50
            Total Expenses                                      9.48
            Sales Tax on Expenses                               0.55

            Total Current Work                                 10.03


01/15/2003  Payment Received                                  -20.00


            Balance Due                                      $273.89


Federal Tax Identification No. 85-0396506
Payments Received after the End of the Month Will Be
Reflected on Your next Statement.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS & COUNSELORS AT LAW

P.O. BOX 25467
ALBUQUERQUE  NM 87125-547

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

Page: 1
04/03/2003

Phil Bundy
11709 Palo Duro NE
Albuquerque  NM  87111

Account No:  2524-02001M
Statement No:           5

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]


Previous Balance                                          $253.89


03/31/2003  Photocopies                                       2.70
            Total Expenses                                    2.70
            Sales Tax on Expenses                             0.16

            Total Current Work                                2.86


            Balance Due                                    $256.75


Federal Tax Identification No. 85-0396506
Payments Received after the End of the Month Will Be
Reflected on Your next Statement.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS & COUNSELORS AT LAW

P.O. BOX 25467
ALBUQUERQUE NM 87125-5467

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

Page: 1
03/05/2003

Phil Bundy
11709 Palo Duro NE                        Account No:  2524-02001M
Albuquerque  NM  87111                     Statement No:         4

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]


             Previous Balance                               $273.89


02/20/2003  Payment Received                                 -20.00


             Balance Due                                    $253.89

Federal Tax Identification No. 85-0396506
Payments Received after the End of the Month Will Be
Reflected on Your next Statement.

## MADISON, HARBOUR, MROZ & BRENNAN, P.A.
### PROFESSIONAL ASSOCIATION
### ATTORNEYS & COUNSELORS AT LAW

P.O. BOX 25467
ALBUQUERQUE NM 87125-5467

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

Page: 1
06/03/2003

Phil Bundy
11709 Palo Duro NE                                Account No:   2524-02001M
Albuquerque  NM  87111                            Statement No:           6

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]


Previous Balance                                                    $256.75


04/30/2003  Photocopies                                                0.45
04/30/2003  Long distance charges                                      0.95
05/31/2003  Postage                                                   20.00
05/31/2003  Photocopies                                               76.65
            Total Expenses                                            98.05
            Sales Tax on Expenses                                      5.70

            Total Current Work                                       103.75


04/15/2003  Payment Received                                         -20.00


            Balance Due                                             $340.50


Federal Tax Identification No. 85-0396506
Payments Received after the End of the Month Will Be
Reflected on Your next Statement.

## MADISON, HARBOUR, MROZ & BRENNAN, P.A.
### PROFESSIONAL ASSOCIATION
### ATTORNEYS & COUNSELORS AT LAW

P.O. BOX 25467
ALBUQUERQUE, NM 87125-5467

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

Page: 1
07/02/2003

Phil Bundy
11709 Palo Duro NE                        Account No:  2524-02001M
Albuquerque  NM  87111                     Statement No:          7

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]


                Previous Balance                              $340.50


06/30/2003  Photocopies                                        10.05
            Total Expenses                                     10.05
            Sales Tax on Expenses                               0.58

            Total Current Work                                 10.63


06/18/2003  Payment Received                                  -25.00


            Balance Due                                      $326.13

Federal Tax Identification No. 85-0396506
Payments Received after the End of the Month Will Be
Reflected on Your next Statement.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS & COUNSELORS AT LAW

P.O. BOX 25467
ALBUQUERQUE, NM 87125-5467

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

Page: 1
08/04/2003

Phil Bundy
11709 Palo Duro NE                       Account No:  2524-02001M
Albuquerque  NM  87111                    Statement No:          8

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]


Previous Balance                                          $326.13


07/31/2003  Postage                                          1.75
07/31/2003  Photocopies                                      9.90
07/31/2003  Long distance charges                            0.66
            Total Expenses                                  12.31
            Sales Tax on Expenses                            0.72

            Total Current Work                              13.03


            Balance Due                                   $339.16

Federal Tax Identification No. 85-0396506
Payments Received after the End of the Month Will Be
Reflected on Your next Statement.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS & COUNSELORS AT LAW

P.O. BOX 25467
ALBUQUERQUE, NM 87125-5467

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

Page: 1
09/03/2003

Phil Bundy
11709 Palo Duro NE
Albuquerque NM 87111

Account No:   2524-02001M
Statement No:           9

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]


Previous Balance                                    $339.16


08/31/2003  Postage                                     24.29
08/31/2003  Photocopies                                  4.05
08/31/2003  Long distance charges                        2.19
            Total Expenses                              30.53
            Sales Tax on Expenses                        1.77

            Total Current Work                          32.30


08/12/2003  Payment Received                           -25.00


            Balance Due                             $346.46


Federal Tax Identification No. 85-0396506
Payments Received after the End of the Month Will Be
Reflected on Your next Statement.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS & COUNSELORS AT LAW

P.O. BOX 25467
ALBUQUERQUE, NM 87125-5467

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

Page: 1
10/02/2003

Phil Bundy
11709 Palo Duro NE                          Account No:   2524-02001M
Albuquerque  NM  87111                       Statement No:        10

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]


Previous Balance                                              $346.46


09/19/2003 Copies of documents produced - Cuddy, Kennedy,
           Hetherington, Albetta & Ives LLP                     75.50
09/29/2003 Deposition of Lorenzo Tafoya, witness, taken
           on September 22, 2003 - Paul Baca Professional
           Court Reporters                                     318.76
09/30/2003 Postage                                              12.00
09/30/2003 Photocopies                                          23.85
09/30/2003 Long distance charges                                5.78
           Total Expenses                                      435.89
           Sales Tax on Expenses                                25.34


09/12/2003 Witness fee for deposition - Lorenzo Tafoya          37.50
           Total Advances                                       37.50

           Total Current Work                                  498.73


           Balance Due                                        $845.19


Federal Tax Identification No. 85-0396506
Payments Received after the End of the Month Will Be
Reflected on Your next Statement.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS & COUNSELORS AT LAW

P.O. BOX 25467
ALBUQUERQUE, NM 87125-5467

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

Page: 1
Phil Bundy                                                          02/04/2004
11709 Palo Duro NE                         Account No:     2524-02001M
Albuquerque  NM  87111                     Statement No:            11

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]


          Previous Balance                                     $845.19


10/02/2003  Deposition of Jennifer Coughlin, witness,
            taken on September 26, 2003 - Bean &
            Associates                                             431.50
10/03/2003  Deposition of Vincent Taylor, witness, taken
            on September 26, 2003 - Bean & Associates             178.53
10/03/2003  Deposition of Cathy Camago, witness, taken on
            September 26, 2003 - Bean & Associates                 96.50
10/03/2003  Deposition of Gerald Mondragon, witness, taken
            on September 26, 2003 - Bean & Associates             266.32
10/06/2003  Copies of Bundy documents produced to opposing
            counsel on October 6, 2003 - Rose's Graphics
            Copy Center                                            75.68
10/08/2003  Deposition of Phil Bundy, plaintiff, taken on
            October 8, 2003 - Bean & Associates                   673.54
10/14/2003  Deposition of Patricia Chavez, witness, taken
            on October 7, 2003 - Bean & Associates                144.75
10/14/2003  Deposition of Vivian LaValley, witness, taken
            on October 7, 2003 - Bean & Associates                240.33
10/20/2003  Deposition of Gary L. Dwyer taken on October
            2, 2003 - Paul Baca Professional Court
            Reporters                                             555.78
10/23/2003  Deposition of Clarence Griego taken on October
            6, 2003 - Paul Baca Professional Court
            Reporters                                             868.98
10/28/2003  Depositions of Terry Darnell taken on October

Federal Tax Identification No. 85-0396506
Payments Received after the End of the Month Will Be
Reflected on Your next Statement.

Page: 2
Phil Bundy, 02/04/2004
Account No: 2524-02001M
Statement No: 11

Bundy v. Bernalillo Public Schools District
[CONTINGENCY CASE]

|  |  |  |
|---|---|---|
| | 8, 2003 and Jack Torres taken on October 9, | |
| | 2003 – Paul Baca Professional Court Reporters | 647.57 |
| 10/31/2003 | Postage | 8.00 |
| 10/31/2003 | Photocopies | 46.95 |
| 10/31/2003 | Long distance charges | 4.01 |
| 11/05/2003 | Deposition of Frieda Trujillo taken on October | |
| | 8, 2003 – Paul Baca Professional Court | |
| | Reporters | 185.70 |
| 11/30/2003 | Postage | 1.52 |
| 11/30/2003 | Photocopies | 1.80 |
| 12/31/2003 | Postage | 1.52 |
| 12/31/2003 | Photocopies | 1.90 |
| 01/31/2004 | Photocopies | 10.05 |
| | Total Expenses | 4,442.83 |
| | Sales Tax on Expenses | 258.24 |
| | | |
| 10/07/2003 | Witness fee for deposition – Lorenzo Tafoya | 40.00 |
| | Total Advances | 40.00 |
| | | |
| 10/07/2003 | Advance Credit for witness fee – Lorenzo | |
| | Tafoya | -37.50 |
| | Total Credits for Advances | -37.50 |
| | | |
| | Total Current Work | 4,703.57 |
| | | |
| 10/14/2003 | Payment Received | -32.00 |
| | | |
| | Balance Due | $5,516.76 |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHIL BUNDY,

        Plaintiff,

v.                                          No. 02-CV-1460 JC/ACT

BERNALILLO PUBLIC SCHOOLS
BOARD OF EDUCATION, a New Mexico
public school district, DR. GARY DWYER,
Superintendent of the Bernalillo Public Schools
both in his individual and official capacities, and
CLARENCE GRIEGO, Athletic Director for
Bernalillo Public Schools, both in his individual and
official capacities,

        Defendants.

## AFFIDAVIT OF TIMOTHY L. WHITE

STATE OF NEW MEXICO
COUNTY OF BERNALILLO

    I, Timothy L. White, being duly sworn and upon my oath state and depose as follows:

    1.    From August 7, 2002 to date, I have served as counsel for Plaintiff in the above action. I am receiving no fee for my services other than an award made by the court pursuant to 42 U.S.C. § 1988.

    2.    I am an attorney licensed to practice law in the State of Texas since 1988, and in the State of New Mexico since 1996, and before the United States District Court for the Western District of Texas, the United States District Court for the District of New Mexico, the Tenth Circuit Courts of Appeals and the United States Supreme Court.



EXHIBIT

B

3.      From November 1988 through November 1995, I was in private practice in El
Paso, Texas, handling the defense of civil litigation.  From November 1995 to the present, I have
been in private practice in Albuquerque, New Mexico, primarily defending federal employment
litigation and for the last two years, handling plaintiff's employment litigation.  Approximately
95% of my caseload involves federal civil rights and employment litigation, including
employment discrimination and retaliation cases, First Amendment and 42 U.S.C. § 1988
litigation, Title IX litigation, and state law retaliatory discharge and related employment claims.
Since November 1995, I have tried, settled or am currently working on approximately 100 to 150
employment or civil rights cases.

4.      As a result of my experience in federal court as a litigator, I am familiar with the
practices and procedures and the Local Rules of the District of New Mexico.

5.      I graduated from law school in 1998 from the Texas Tech University School of
Law, where I served on the Law Review and was published in the Spring of 1998 on an article
dealing primarily with constitutional law issues.[1]  Since that time, I have also served on the
Editorial Board of the New Mexico Labor Letter and have been a frequent instructor at
Continuing Legal Education seminars for both attorneys and human resource persons on
employment law issues.

6.      Because the law in employment and civil rights litigation changes and evolves
rapidly, I subscribe to one treatise on employment discrimination and civil rights actions and
daily receive and review thoroughly through e-mail subscription, the cases arising from the
United States Supreme Court, California courts, the Fifth Circuit Court of Appeals, the Tenth
Circuit Court of Appeals, and two subscriptions to such electronically available slip opinions that

---

[1]      See, *Toward a Dignified Theory of Children: Prohibition of Collaborative Reproduction*. 19 Texas Tech

encompass any constitutional, employment or civil rights issues decided by all the federal courts. This continuing education on my part consumes two to four hours a week, which I undertake to ensure my continued competency as an employment civil rights litigator.

7.      I have defended numerous attorneys' fees litigation issues under 42 U.S.C. § 1988 and related fee statutes.  In November and December of 1999, I was lead defense counsel for a case tried by this Court in *Paton, et al. v. New Mexico Highlands University, et al*, which upon information and belief is the only Title IX retaliation case tried to a jury in the State of New Mexico.  After researching this issue with a number of members of the Bar with considerably senior experience to mine in New Mexico, I believe that I am the only attorney in New Mexico who has served as lead counsel in such litigation that reached a jury trial.  I was specifically sought out to represent Mr. Bundy as a result of my experience in Title IX litigation.

8.      Based on my knowledge of hourly rates charged by attorneys in the Albuquerque metropolitan area and northern New Mexico, as a result of my work in the area of employment and civil rights litigation, I believe that my current hourly rate is within the range of the market rates for an attorney of my skill and experience, specifically with reference to the area of Title IX litigation.

9.      It has been my experience that employment and civil rights plaintiffs can rarely, if ever, pay an attorney's hourly rate to pursue an action on his or her behalf, or even pay the substantial costs associated with such complex litigation.

10.     Because of the delay in payment in employment and civil rights in plaintiff cases, the general need to advance costs, the risk of any payment at all contingent upon success, and my expertise in employment and civil rights litigation and litigating fee applications in civil rights

Law Review 1091 (1988).

cases, as well as my knowledge of hourly rates of lawyers of comparable skill and experience handling similar types of complex federal litigation, I believe a reasonable award of attorney's fees to me in this matter is $250 per hour for the work done in this case.

11.    · I am aware of decisions from the New Mexico federal and state district courts, as a result of my experience in this area and my review of the case law on a continuing basis, which have awarded hourly rates in the range of what I am requesting here to lawyers of comparable skill and experience in the area of employment and civil rights litigation. *See*, Huerta v. City of Santa Fe, No. CIV-01-968 RLP/DJS (Mem. Op. and Order, 3/12/03) (awarding Albuquerque attorney Eric Suroktin $240 in police excessive force case); Peyton-Huebner v. City of Roswell, No. CIV-01-1233 WJ/LCS (Mem. Op. and Order, 2/6/03) (awarding Albuquerque attorney Lorenzo Tapia $250 in civil rights employment case); Baldonado v. New Mexico State Highway and Transportation Department, No. CIV-99-366 JC/LCS (Order, 12/20/01) (awarding Santa Fee attorneys Richard Rodenstock and Daniel Yohalem $265 and $225 per hour, respectively, in civil rights employment case); Nieto v. Kapoor, No. CIV-96-1225 MV/JHG (Mem. Op. and Order, 6/12/01) (awarding Roswell attorney Tandy Hunt $250 per hour in civil rights employment case); Cochran v. Banyan, Inc., No. CIV-01-358 JP/RLP (Mem. Op. and Order, 3/7/02) (awarding Albuquerque attorneys Maureen Sanders and Linda Vanzey $225 and $150, respectively, in Title 7 sex discrimination/harassment case).

In the case at bar, Plaintiff was required to defend against a Motion to Dismiss on a relatively new issue in Title VII litigation resulting from the Eleventh Circuit Opinion in Jackson v. Birmingham Bd. Of Ed. [2]   I was aware of this opinion prior to Mr. Bundy's hiring me as counsel and advised him that we would have to overcome a motion to dismiss or for summary

---

[2]    309 F.3d 1333 (11th Cir. 2002).

4

judgment based on this decision. My previous experience in Title IX litigation, as well as my contacts with both the United States Department of Justice and National Women's Law Center, provided me with the resources to brief this issue at a considerable savings of time to my client.

In similar fashion, due to my experience defending employment and civil rights cases for employer clients, I am well aware of and always practice billing judgment on the time actually billed to my clients, whether plaintiff or defendant.

There are relatively few lawyers in New Mexico practicing from the plaintiff's side in employment and civil rights cases. Without such attorneys, citizens in New Mexico   such as Mr. Bundy – would not have any realistic opportunity to obtain vindication of in the federal constitutional and other civil rights. Absent the award of compensatory attorney's fees to lawyers like these who prevail in civil rights and employment cases, which by their nature are difficult, complex, time consuming and expensive, and as in this case, are invariably hard fought by the other side, and often, as in this case, involve limited or no prospect for a large damages award to the client, and indeed may not only be difficult but doubtful on the merits, other attorneys will not be attracted to the field or willing to undertake the representation of deserving clients with righteous claims and the congressional intent behind the statutory authorization of attorney's fees to prevailing parties in civil rights cases will go unfulfilled. In particular in the area of Title IX litigation, as noted above, I am aware of only myself and Linda Vanzi, who have participated in whole or a significant part in the area of litigating, and actually trying, Title IX retaliation issues.

In preparing this Affidavit, I have reviewed the time spent in this case once again, having done so on a continuing basis as I contemporaneously documented the time to be actually billed in the litigation. I have used the appropriate billing judgment in reporting the time for which I

5

am seeking compensation.   The hours I have spent to date representing Mr. Bundy were reasonably necessary to perform the tasks described.   I recorded this time contemporaneous with the work done, in no event later than the day after the work was done.

From August 7, 2002 to the present, I have spent a total of _117.80_ hours on this case. The attached documentation in support of and describing the time spent on this case already includes time which I have not charged and not billed as an exercise of billing judgment.

All the work I did and the expenses incurred in this case were reasonable and necessary with respect to securing the settlement we obtained at the mediation of this matter.

Based on the foregoing, I respectfully request the Court award me attorney's fees and expenses, together with applicable gross receipts tax thereon, based on the time and expenses reasonably spent on this case and set out in my billing records attached hereto.

_____
Timothy L. White

SUBSCRIBED AND SWORN TO before me, a Notary Public, this 12th day of _May_, 2004, by Timothy L. White.

_____
NOTARY PUBLIC

My Commission expires:  _8-12-07_

N:\0252\002001\Pld\Affidavit of TLWhite

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHIL BUNDY,

      Plaintiff,

v.                                 No. 02-CV-1460 JC/RHS

BERNALILLO PUBLIC SCHOOLS
BOARD OF EDUCATION, a New Mexico
public school district, DR. GARY DWYER,
Superintendent of the Bernalillo Public Schools
both in his individual and official capacities, and
CLARENCE GRIEGO, Athletic Director for
Bernalillo Public Schools, both in his individual and
official capacities,

      Defendants.

## AFFIDAVIT OF LINDA M. VANZI

STATE OF NEW MEXICO

COUNTY OF BERNALILLO

    I, Linda M. Vanzi, being duly sworn and upon my oath, state the following:

    1.. I have had considerable experience in both civil rights and employment law in federal and state court litigation. I graduated from the University of New Mexico School of Law in 1995 where I was the Outstanding Third Year student, a member of the 1994 National Moot Court Team and an editor for the New Mexico Law Review. I was one of two recipients of the Cooperating Attorney of the Year award for the year 2000, given by the American Civil Liberties Union of New Mexico. I have been licensed to practice law in the state of New Mexico since 1995 and before the United States District Court for the District of New Mexico and the Tenth Circuit Court of Appeals.



EXHIBIT

C

2. From August, 1995 through June, 1997 I served as a law clerk to Senior United States District Judge E. L. Mechem.

3. From June, 1997 to date, I have been in private practice and have primarily handled federal litigation and plaintiffs' employment and civil rights cases including first amendment, wrongful discharge and retaliation cases, disabilities law cases and police misconduct cases. All the civil rights cases I have tried before a jury in New Mexico District Court have resulted in verdicts for the plaintiffs.

4. Since November, 1999, I have served as an editor of the New Mexico Trial Lawyers' monthly publication, reviewing all decisions of the Tenth Circuit appellate court and summarizing those of particular interest to the trial bar in a monthly column, "In the Tenth Circuit." I have been the co-director of the National Institute for Trial Advocacy Southwest Regional and Deposition Programs since January 2000, and am a member of the Civil Pro Bono Panel of the United States District Court for the District of New Mexico. I have lectured on employment and civil rights litigation at numerous continuing legal education seminars in the past several years. This year, I was appointed by Judge Paul Kelly as the EEO monitor for the City of Belen Police Department, and by the New Mexico Supreme Court to the Uniform Jury Instructions Civil Committee.

5. The rates charged by lawyers in this geographic area for administrative and trial practice litigation range from approximately $150.00 an hour to $265.00 an hour. I was adjudicated at an uncontested rate of $150.00 an hour by Judge Parker in United States District Court earlier this year in *Cochran v. Banyan, Inc. et al.*, No. CIV 01-358 JP/RLP. That case did not go to trial but was settled before dispositive motions were ever filed. In this case, my rate of $160.00 an hour is a reasonable one for both federal and state trial and administrative litigation

services provided by attorneys of average experience and ability.

6. I am aware of rulings in the New Mexico federal district court which have awarded hourly rates in the range of what Mr. White is requesting herein to lawyers of comparable skill and experience in the area of civil rights. See, Baldonando v. New Mexico State Hwy. and Transp. Dept., No. CIV 99-366 JC/LCS (Order, 12/20/01) (awarding Santa Fe attorneys Richard Rosenstock and Daniel Yohalem $265.00 and $225.00 per hour respectively in civil rights employment case); Harris v. Crespin, No. CIV 99-748 RLP/DJS (Mem. Op. and Order, 2/23/01) (awarding Albuquerque attorney Michael Vigil $225.00 per hour in police misconduct civil rights case): cf., Pastran v. K-Mart Corp., No. CIV 98-815 LCS (Order, 12/5/00) (awarding El Paso attorneys Michael Milligan and Colbert Coldwell $200.00 per hour in Las Cruces Title VII case); Ling v. Brachfeld, No. CIV 96-1772 MV/JHG (Mem. Op. and Order, 9/29/00) (awarding consumer rights attorney Richard Feferman $200.00 per hour in Fair Debt Collection Practices Act case); Maldonado v. Apfel, Civil No. 95-221 JP/WWD (Amended Mem. Op. and Order, 12/27/00) (awarding Gary Martone $209.00 per hour for work performed in successful social security disability appeal).

7. I have known plaintiffs' co-counsel for several years since we were opponents in the trial of *Paton, et al.v. New Mexico Highlands, et al.*, a case tried by th8is Court. I have observed Mr. White's substantial skill at obtaining a successful result for his clients in employment and civil rights cases. We have consulted one another on numerous occasions in our respective cases on matter of law and strategy.

8. My opinion of the fairness and reasonableness of the hourly rates sought by Mr. White is informed not only by my personal knowledge of this lawyer's skill and experience as a trial lawyer and in the area of employment and civil rights law, but also by the acknowledged risk of

any payment at all to plaintiffs' civil rights lawyers contingent upon success, and by my personal knowledge of both the current hourly rates for lawyers of comparable skill and experience engaged in comparable complex litigation services in the New Mexico legal community and the hourly rates set by the New Mexico federal and state district courts in other fee award opinions.

_____
LINDA M. VANZI

SUBSCRIBED AND SWORN TO AND ACKNOWLEDGED before me this 2nd day of FEBRUARY 2003 by Linda M. Vanzi.

_____
NOTARY PUBLIC

My Commission Expires: 12/17/05